**FEE PAID**

AARON EZROJ (SBN 263711)
aaron.ezroj@qtamlaw.com
QUI TAM LAW, P.C.
1024 Bayside Dr. # 394
Newport Beach, CA 92660
Telephone: 949-312-1042

Attorney for Relator

FILED

2025 APR 10 PM 12: 57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELLS
BY: _____
rsm

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PPP ELIGIBILITY EXPERTS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CHINA JUSHI USA CORPORATION; JUSHI USA FIBERGLASS CORPORATION LTD; and, CHINA JUSHI CO., LTD<br><br>Defendants. | Case No.: **8:25-CV-00742-DOC-KESx**<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT**<br><br>**[FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)]** |

COMPLAINT

Pursuant to the False Claims Act, PPP Eligibility Experts LLC, on behalf of the United States of America, alleges the following:

## INTRODUCTION

1.      The United States Congress passed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act to help stabilize the economy during the COVID-19 pandemic. The CARES Act created the Paycheck Protection Program ("PPP") to provide necessary payroll cost support for eligible small businesses. Millions of applicants collectively received hundreds of billions of dollars through PPP loans.

2.      China Jushi USA Corporation; Jushi USA Fiberglass Corporation Ltd; and, China Jushi Co., Ltd (the "Defendants") committed fraud in PPP applications for loans totaling **over $3.8 million** and forgiveness applications for these loans. Lenders also received tens of thousands of dollars in loan processing fees.

3.      Defendants are one of the world's largest fiberglass manufacturers. They are able to produce millions of tons of fiberglass annually. They have **over 10,000 employees** and **billions of dollars of total assets**. They have foreign subsidiaries all over the world. Their United States corporate headquarters are in Irwindale, California and their manufacturing and storage facilities are in Columbia, South Carolina. Their website details their global vision.



# JUSHI'S VISION

### MAINTAIN THE LEADERSHIP POSITION IN THE WORLD FIBERGLASS INDUSTRY

Always lead the fiberglass industry and continuously enhance our core competitiveness. Become an industry leader believed in by employees, trusted by shareholders, praised by customers, supported by suppliers, admired by society and respected by competitors. Grow from big to strong to great

*See* https://www.jushi.com (last visited April 2025) (explaining Jushi's vision)

COMPLAINT

Furthermore, Defendants were ineligible for PPP loans because **they are Chinese state-owned enterprises** and **violated South Carolina laws followed by American manufacturers**. *See* State of South Carolina Consent Orders (2023). Their connections as a Chinese state-owned enterprise are detailed on their website with more specific information found in pertinent corporate records.

## Officials'Visits



Hu Chunhua, then secretary of the Party Committee and director of the Standing Committee of the People's Congress … Sun Chunlan, then Secretary of Zhejia Provincial Party committee, visited Jushi …

*See* https://www.jushi.com (last visited April 2025) (describing Chinese Communist Party visits)

4.    PPP loan applications did not reflect the true size of affiliated entities of Defendants. Instead, affiliated entities of Defendants knowingly falsely claimed eligibility for PPP loans and supported their applications with documents that did not reveal information on their true number of employees, annual receipts, income, and other pertinent financial information.

5.    Such false claims and statements of affiliated entities of Defendants were material in affiliated entities of Defendants receiving PPP loans and lenders receiving loan processing fees. Without these false claims and statements, affiliated entities of Defendants would not have received PPP loans and their lenders would not have received loan processing fees. These claims

and statements thus violate the False Claims Act, §§ 31 U.S.C. 3729 *et seq.*

6.      PPP Eligibility Experts LLC (the "Relator") brings this action on behalf of the United States of America against affiliated entities of Defendants for treble damages and civil penalties arising from the Defendants' false claims in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

## PARTIES

7.      Relator PPP Eligibility Experts LLC was formed to identify applicants who fraudulently obtained government funds. Relying on their finance, real estate, property management and other pertinent expertise, Relator serves as the original source of information identifying parties who fraudulently obtained government funds and did not return said funds. Relator's principal place of business is in Irvine, California.

8.      Defendant China Jushi USA Corporation is a subsidiary of China Jushi Co., Ltd. China Jushi USA Corporation has a United States corporate headquarters in Irwindale, California and manufacturing facility in Columbia, South Carolina.

9.      Defendant Jushi USA Fiberglass Corporation Ltd is a subsidiary of China Jushi Co., Ltd. Jushi USA Fiberglass Corporation Ltd has a United States corporate headquarters in Irwindale, California and a warehouse facility in Columbia, South Carolina. Corporate records also identify Jushi USA Fiberglass Corporation Ltd as directly owned by China Jushi USA Corporation.

10.      Defendant China Jushi Co., Ltd is a Chinese core multinational fiberglass company within China National Building Material Company Limited which is a Chinese state-owned enterprise.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a). The latter section specifically confers subject matter jurisdiction for this type of action, any action under 31 U.S.C. § 3730.

12.      This Court has personal jurisdiction over the Defendants pursuant to 28 U.S.C. §

- 3 -

COMPLAINT

1391(b) and 31 U.S.C. § 3732(a) because one or more of the Defendants transacts business in the Central District of California. Moreover, 31 U.S.C. § 3732(a) allows for nationwide service of process.

13.    Venue is proper in the Central District of California pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b), because one or more of the Defendants transacts business in the Central District of California. Moreover, events giving rise to this action took place in the Central District of California.

14.    There has been no statutorily relevant public disclosure as articulated in 31 U.S.C § 3730(e)(4)(A). Relator therefore has direct and independent knowledge of the information on which the allegations set forth in this Complaint are based and is the original source of the allegations contained herein. 31 U.S.C §§ 3730(e)(4)(A)-(B).

## FALSE CLAIMS ACT

15.    The False Claims Act, 31 U.S.C. §§ 3729 *et seq*. was established to allow the government to collect money from parties that have made false claims and statements to fraudulently obtain government funding.

16.    Pursuant to 31 U.S.C. § 3729(a)(1)(A), a party makes a false claim when they knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval.

17.    Pursuant to 31 U.S.C. § 3729(a)(1)(B), a party makes a false statement when they knowingly make, use or cause to be made or used, a false record or statement material to a false or fraudulent claim.

18.    Pursuant to 31 U.S.C. § 3729(a)(1)(C), a party violates the False Claims Act when they conspire to commit a violation of particular subparagraphs of the False Claims Act, including subparagraphs (a)(1)(A), (B) or (C).

19.    Pursuant to 31 U.S.C. § 3729(a)(1)(G), a party knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transit money or property to the government.

- 4 -
COMPLAINT

20.     The term "knowingly" means that a party, with respect to information, (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b)(1)(A). Knowingly does not require proof of specific intent to defraud. 31 U.S.C. § 3729(b)(1)(B).

## PAYCHECK PROTECTION PROGRAM

21.     In 2020, the United States Congress passed the CARES Act so that small businesses could obtain relief during the COVID-19 pandemic. The CARES Act allowed for First Draw PPP loans. Later, Congress passed the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act. Millions of applicants collectively received hundreds of billions of dollars through the Paycheck Protection Program ("PPP") which was administered by the Small Business Administration. While it was the intent of Congress that these funds be used by eligible businesses to support payroll costs, certain ineligible businesses applied for PPP funds and used these funds for purposes that were not the intent of Congress. Moreover, certain ineligible businesses sought loan forgiveness even though they were never eligible for PPP funds and did not use the funds for purposes that were the intent of Congress.

22.     Entities were able to apply for initial PPP loans (i.e., First Draw PPP loans) in 2020.

23.     First Draw PPP loan applications required applicants to certify to the following:

> I further certify that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from the SBA is punishable under the law, including under 18 USC 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 USC 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

24.     Within First Draw PPP loan applications, applicants were asked to mark Yes or No in response to the following question 3.

- 5 -

Is the Applicant or any owner of the Applicant an owner of any other business, or have common management with, any other business? If yes, list all such businesses and describe the relationship on a separate sheet identified as addendum A.

25.    Addendum A was supposed to include all affiliated entities, i.e., all other businesses with common management and ownership. Federal regulation 13 C.F.R. § 121.106 details the methodology for calculating the number of employees. Common management and ownership are defined in federal regulations 13 C.F.R. §§ 121.103(e) and 121.301(f). If one or more officers, directors, managing members or general partners of a business controls the Board of Directors or the management of another business, the businesses are affiliated. 13 C.F.R. § 121.103(e). Common ownership can be established in a number of ways. 13 C.F.R. § 121.301(f). Either common management or ownership is sufficient to establish affiliation.

26.    The CARES Act and federal regulations further specify that applicants were only eligible for First Draw PPP loans if affiliated entities had no more than 500 employees, met a pertinent industry size standard, or met the alternative size standard. Defendant fiberglass manufacturers applied for PPP loans as either a glass manufacturer or warehouse. The industry size standards for Other Pressed and Blown Glass and Glassware Manufacturing and General Warehousing and Storage were having maximum number of employees of 1,250 and having maximum annual receipts of $30 million, respectively. U.S. Small Business Administration, Table of Small Business Size Standards, Subsectors 327212 and 493110 (August 2019). The alternative size standard required both not having more than $5 million in average net income after Federal income taxes (excluding any carry-over losses) for the two preceding full fiscal years and not having more than $15 million in tangible net worth. If an applicant had either more than $5 million in average net income after Federal income taxes (excluding any carry-over losses) for the two preceding full fiscal years or more than $15 million in tangible net worth, the applicant was not eligible under the alternative size standard. U.S. Small Business Administration, "Paycheck Protection Program Loans Frequently Asked Questions (FAQs)" (2020) (pertaining to 13 C.F.R. § 121.301(b)).

COMPLAINT

27. First Draw PPP loan applications also include the following certification:

Current economic uncertainty makes this loan request necessary to support the ongoing operations of the Applicant.

28. Chinese state-owned entities were ineligible for PPP Loans. 13 C.F.R. § 121.105.

29. First Draw PPP loan applications also required applicants to certify that they were "not engaged in any activity that is illegal under federal, state or local law."

30. When applying for forgiveness for a First Draw PPP loan, applicants had to certify that PPP loan proceeds were used for eligible purposes and certify that information provided in all supporting documents and forms was true and correct in all material respects.

## FALSE CLAIMS AND STATEMENTS WITH PPP APPLICATIONS

31. Numerous medical providers amongst Defendants applied for First Draw PPP loans with two separate financial lenders. Among other reasons, Defendants were not eligible for First Draw PPP loans because affiliated entities collectively had many thousands of employees, held assets worth billions of dollars, and generated too much income. Defendants were also ineligible for PPP loans because they are Chinese state-owned enterprises and violated South Carolina laws followed by American manufacturers. *See* State of South Carolina Consent Orders (2023).

32. This case involves clear affiliation amongst Defendants. The Defendants are affiliated for two distinct reasons which are each sufficient to establish affiliation. First, there is common management amongst the Defendants. Defendant China Jushi USA Corporation and Jushi USA Fiberglass Corporation Ltd are subsidiaries of China Jushi Co., Ltd. Defendant China Jushi Co., Ltd is a Chinese core multinational fiberglass company within China National Building Material Company Limited which is a Chinese state-owned enterprise. Second, there is common ownership amongst the Defendants. Defendants are Chinese state-owned enterprises.

33. Defendant China Jushi USA Corporation applied for a First Draw PPP loan in the amount of $3,558,182 with TD Bank, NA which was approved on July 31, 2020 and later

- 7 -
COMPLAINT

forgiven. China Jushi USA Corporation identified 498 employees. However, in its PPP application, China Jushi USA Corporation did not identify all affiliated entities or otherwise accurately represent the number of employees, annual receipts, income, or other pertinent financial information. In addition, the First Draw PPP loan did not identify that China Jushi USA Corporation is a Chinese state-owned enterprise and did not identify that its practiced violated South Carolina law.

34.    Defendant Jushi USA Fiberglass Corporation Ltd applied for a First Draw PPP loan in the amount of $330,000 with Wells Fargo Bank, NA which was approved on May 1, 2020 and later forgiven. Defendant Jushi USA Fiberglass Corporation Ltd identified 26 employees. However, in its PPP application, Jushi USA Fiberglass Corporation Ltd did not identify all affiliated entities or otherwise accurately represent the number of employees, annual receipts, income, or other pertinent financial information. In addition, the First Draw PPP loan did not identify that Jushi USA Fiberglass Corporation Ltd is a Chinese state-owned enterprise and did not identify that its practiced violated South Carolina law.

35.    Defendant China Jushi Co., Ltd withheld information from PPP loan applications that would have further shown that defendant borrowers and affiliated entities were ineligible for PPP loans.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Submission of False Claim**
**31 U.S.C. § 3729(a)(1)(A)**

36.    Relator incorporates all of the allegations in the above paragraphs as though fully alleged herein.

37.    A party makes a false claim when they knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a)(1)(A).

38.    Defendants knowingly made false claims when they certified that they were eligible for PPP loans and that all information included with their application was true and

- 8 -
COMPLAINT

accurate in material respects.

39. Without these claims, the United States would not have provided Defendants with the millions of dollars that Defendants received.

40. Without these certifications, the United States would not have provided lenders with tens of thousands of dollars of PPP loan processing fees.

41. The United States thus suffered actual damages of millions of dollars and should be awarded three times these damages and should be awarded maximum penalties for each violation of 31 U.S.C. § 3729(a)(1)(A).

## SECOND CAUSE OF ACTION
### False Statement in Support of Claim
### 31 U.S.C. § 3729(a)(1)(B)

42. Relator incorporates all of the allegations in the above paragraphs as though fully alleged herein.

43. A party makes a false claim when they knowingly make, uses, or cause to be made or used, a false record or statement material to a false or fraudulent claim. 31 U.S.C. § 3729(a)(1)(B).

44. Defendants knowingly made false statements about their size when they did not identify or otherwise provide information on all affiliated entities in their PPP loan applications.

45. Without these false statements, the United States would not have provided Defendants with the millions of dollars that Defendants received.

46. Without these false statements, the United States would not have provided lenders with tens of thousands of dollars of PPP loan processing fees.

47. The United States thus suffered actual damages of millions of dollars and should be awarded three times these damages and should be awarded maximum penalties for each violation of 31 U.S.C. § 3729(a)(1)(B).

COMPLAINT

## THIRD CAUSE OF ACTION
### Conspiracy to Violate the False Claims Act
### 31 U.S.C. § 3729(a)(1)(C)

48. Relator incorporates all of the allegations in the above paragraphs as though fully alleged herein.

49. A party violates the False Claims Act when it has conspired to commit a violation of particular subparagraphs of the Act, including subparagraphs (a)(1)(A), (B) or (G). 31 U.S.C. § 3729(a)(1)(C).

50. Defendants knowingly conspired to violate the False Claims Act when they separately applied for PPP loans through various lenders, provided information that did not identify the full size of affiliated entities and retained loan proceeds.

51. If not for Defendants' provision of information that did not identify the full size of affiliated entities and retention of loan proceeds, the United States would not have provided Defendants with the millions of dollars of PPP loans that Defendants received.

52. Without Defendants' provision of information that did not identify the full size of affiliated entities and retention of loan proceeds, the United States would not have provided lenders with tens of thousands of dollars of loan processing fees.

53. The United States thus suffered actual damages of millions of dollars and should be awarded three times these damages and should be awarded maximum penalties for each violation of 31 U.S.C. § 3729(a)(1)(C).

## FOURTH CAUSE OF ACTION
### Avoidance of Obligation to Pay Government
### 31 U.S.C. § 3729(a)(1)(G)

54. Relator incorporates all of the allegations in the above paragraphs as though fully alleged herein.

55. A party knowingly makes, uses or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or

- 10 -
COMPLAINT

transit money or property to the government. 31 U.S.C. § 3729(a)(1)(G).

56. Defendants knowingly avoided their obligation to pay the government when they retained PPP loan proceeds where the proceeds were not used for eligible purposes.

57. Defendants knowingly avoided their obligation to pay the government when they retained Medicare proceeds where the proceeds were not for eligible services.

58. Because Defendants retained government money, the United States lost millions of dollars.

59. The United States thus suffered actual damages of millions of dollars and should be awarded three times these damages and should be awarded maximum penalties for each violation of 31 U.S.C. § 3729(a)(1)(G).

## **PRAYER FOR RELIEF**

WHEREFORE, Relator respectfully prays that this Court:

a. Pursuant to the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*, enter a judgement against Defendants for three times the actual damages that the United States of America has sustained because of Defendants' actions, plus the maximum civil penalty for each violation of 31 U.S.C. § 3729;

b. Pursuant to 31 U.S.C. § 3730(d), award Relator the maximum amount of proceeds of this action allowed, including reasonable attorneys' fees and costs;

c. If the United States elects to intervene and proceed with this action, award Relator between 15% and 25% of the proceeds of this action or of any settlement in accordance with 31 U.S.C. § 3730(d)(1);

d. If the United States does not proceed with this action, award Relator between 25% and 30% of the proceeds of this action or any settlement in accordance with 31 U.S.C. § 3730(d)(2);

e. If the United States elects to pursue an alternate remedy, award Relator a share of that alternate remedy in accordance with 31 U.S.C. § 3730(c)(5);

f. Award the United States and Relator prejudgment and post judgment interest; and

COMPLAINT

g.      Award the United States and Relator all other relief which they are reasonably entitled to receive.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Relator demands a jury trial.

Respectfully submitted,

Dated: April 10, 2025                      Signature: _____

AARON EZROJ
aaron.ezroj@qtamlaw.com
QUI TAM LAW, P.C.
1024 Bayside Dr. # 394
Newport Beach, CA 92660
Telephone: 949-312-1042

Attorney for Relator

- 12 -
COMPLAINT